# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBYN C.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-2**    (Fam. Ct. Kanawha Cnty. No. 18-D-10)

**THOMAS M.,**
**Petitioner Below, Respondent**

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The Petitioner, Robyn C.,[1] appeals the Family Court of Kanawha County's November 16, 2023, Final Order Regarding Modification of Parenting & Child Support and its November 17, 2023, Order Granting Respondent's Petition for Contempt. The Respondent, Thomas M., filed a response in support of the family court's decisions.[2] Mother did not file a reply. The issues on appeal are whether the family court erred by not recalculating child support and erroneously foreclosed Robyn C. the opportunity to seek reimbursement for their child's medical expenses.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, vacated, in part, and remanded to the family court with directions as set forth herein.

Thomas M. ("Father") and Robyn C. ("Mother") share one child. Events leading to this appeal began with a final allocation hearing that was held on March 14, 2018. The final order was entered on March 15, 2018, and designated Mother as the primary residential parent with shared decision-making. Father was ordered to provide medical insurance for the child through his employment if such coverage was reasonably available. He was also ordered to pay $484.69 per month in child support. Regarding medical bills, the final order

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Robyn C. is represented by Claude S. Smith, III, Esq. Thomas M. is represented by G. Wayne Van Bibber, Esq.

1

stated that Father would be responsible for sixty-four percent of any bills that were not covered by insurance and Mother would be responsible for the remaining thirty-six percent.

On April 25, 2023, Father informed Mother by email that he planned to drop the child from his insurance due to the child's failing grades. On July 18, 2023, Mother filed a petition to modify the parenting plan and child support, due to her belief that Father's income had changed and would result in a fifteen percent increase in the child support calculation; Mother also included in her petition for modification allegations regarding sexual abuse by Father's significant other and alleged that Father had been dismissive regarding the child's food allergies. Additionally, Mother filed a petition for contempt against Father on July 18, 2023, wherein she alleged that she had incurred $834.58 in uncovered medical expenses since the entry of the March 15, 2018, order. In his response to the contempt petition, Father stated that he did not learn of the outstanding medical bills until Mother filed her contempt petition. He also contested the amount Mother claimed he owed.

Hearings on Mother's petition for custody modification and child support as well as her petition for contempt were held on November 1, 2023. The final order on custody and child support was entered on November 16, 2023, wherein the family court denied Mother's petition, stating that the child was seventeen years old and could choose when he wanted to visit Father. The family court further found that neither party was credible—because Mother did not inform Father about taking the child to counseling after the alleged sexual abuse, and Father had been dismissive of Mother's concerns. Regarding child support, the court held, "[Father] shall continue payment to the [Mother] in the amount of $484.69 per month" and no other analysis was provided.

Regarding the hearing on Mother's petition for contempt, Mother argued that she sent Father the unpaid medical bills in March of 2019 via certified mail but Father refused to sign for them. Mother further testified that additional medical bills accumulated after that date but she did not attempt to send them to Father after he refused them the first time. Father testified that he believed the uncovered medical bills totaled $612.80 rather than $834.50 and stated that Mother did not include his full address when she mailed the bills to him. The family court entered its order granting, in part, Mother's contempt petition on November 17, 2023, for the amount of $612.80, holding that "uncovered medical expenses . . . [were] hereby resolved through the date of July 18, 2023" due to Mother's delay in seeking reimbursement. Father wrote Mother a check for $612.80 at the hearing.

It is from both the custody and modification order entered on November 16, 2023, and the contempt order entered on November 17, 2023, that Mother now appeals. For these matters, we use the following standard of review.

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review

2

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises two assignments of error. First, Mother asserts that the family court abused its discretion by failing to apply the child support guidelines to the parties' respective incomes to determine whether there had been a significant change in circumstances pursuant to West Virginia Code § 48-11-105(b) (2008).[3] We agree. Upon our review of the record, Mother's petition to modify child support stated, "[u]pon information and belief there has been a substantial change in circumstances and that an application of the guideline[s] to the parties' current gross monthly incomes would result in a new order that is more than fifteen percent different than the current child support obligation herein." Because Mother alleged a change in circumstances in her petition for modification, the family court should have addressed specifically matters concerning child support but failed to do so. Therefore, we vacate the November 16, 2023, modification order and remand with directions for the family court to determine whether there has been a change in circumstances which results in a fifteen percent child support obligation difference under the guidelines.

As her second assignment of error, Mother contends that the family court erred by preemptively ruling that she would not be permitted to seek reimbursement for uncovered medical expenses for the child that were incurred from August 22, 2019, through July 20, 2023. We disagree. The family court found that "both parties have credibility issues" and that Mother stopped providing copies of medical bills to Father after she became frustrated by Father's lack of responsiveness, although it was determined during the hearing that Mother failed to include Father's full address when she originally mailed the medical bills to him. Therefore, the family court ruled that Mother was entitled to reimbursement for the medical bills for which she properly made Father aware, which totaled $612.80 of her original request of $834.50. Therefore, we cannot conclude that the family court abused its discretion in ruling that Mother was not permitted to seek further reimbursement between the dates of August 22, 2019, and July 20, 2023, after her lengthy delay in seeking reimbursement. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."); *See also In re Tiffany Marie*

---

[3] West Virginia Code § 48-11-105(b) states, "[t]he provisions of the order may be modified if there is a substantial change in circumstances. If application of the guideline would result in a new order that is more than fifteen percent different, then the circumstances are considered a substantial change."

*S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

Accordingly, as to the first assignment of error regarding child support, we vacate and remand; as to the second assignment of error regarding the contempt, we affirm.

Affirmed, in part, Vacated, in part, and Remanded with directions.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear